■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD RIVERA, Appellant. [757 NYS2d 37] —Judgment, Supreme Court, Bronx County (Roger Hayes, J.), rendered May 19, 1999, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Defendant's acquittal of the sale count does not render his conviction of possession with intent to sell against the weight of the evidence. Defendant's intent to sell can be inferred from the evidence that the codefendant brought the undercover officer over to defendant after the officer expressed her intention to purchase drugs and gave the codefendant prerecorded buy money; that defendant was arrested at the location where the alleged sale took place and matched the description of the seller provided by the undercover officer; and that defendant was found to be in possession of both the prerecorded buy money and two glassines of heroin bearing the same stamp as that allegedly purchased by the undercover officer (*see People v Fridic*, 222 AD2d 220 [1995], *lv denied* 88 NY2d 878 [1996]). Apparently, the jury partially credited both the undercover officer's testimony that defendant was selling drugs at the location and defendant's testimony that he suspected he was being approached by an undercover officer and warned the codefendant against selling to her. No basis exists to disturb this view of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

Defendant's claim that his sentence to the minimum term authorized by law was unconstitutionally harsh as applied to him, since he had successfully completed drug rehabilitation prior to sentencing and was turning his life around, is unpreserved (*People v Ford*, 265 AD2d 248 [1999], *lv denied* 94 NY2d 880 [2000]), and we decline to review it in the interest of justice. Were we to review, we would find that imposition of the minimum term was not unconstitutional (*see People v Broadie*, 37 NY2d 100 [1975]). Concur—Buckley, P.J., Tom, Rosenberger, Ellerin and Williams, JJ.